Yaw-Jiun (Gene) Wu (#228240)
  gwu@afrct.com
D. Dennis La (#237927)
  dla@afrct.com
ANGLIN, FLEWELLING, RASMUSSEN,
  CAMPBELL & TRYTTEN LLP
199 South Los Robles Avenue, Suite 600
Pasadena, California 91101-2459
Telephone:  (626) 535-1900
Facsimile:   (626) 577-7764

Attorneys for Defendant
Wells Fargo Bank, N.A., successor by
merger with Wells Fargo Bank
Southwest, N.A., f/k/a Wachovia
Mortgage, FSB, f/k/a World Savings
Bank, FSB ("Wells Fargo")

# UNITED STATES DISTRICT COURT

## CENTRAL DISTRICT OF CALIFORNIA – SOUTHERN DIVISION

| | |
|---|---|
| PHUONG NHEM and PHANNARY NHEM,<br><br>             Plaintiffs,<br><br>       v.<br><br>WELLS FARGO BANK, N.A.; NBS DEFAULT SERVICES. LLC and DOES 1-25, inclusive,<br><br>             Defendants. | CASE NO.: 8:14-CV-01809-AG-DFM<br><br>[Assigned to the Hon. Andrew J. Guilford]<br><br>**DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>Date:    January 12, 2015<br>Time:   10 a.m.<br>Ctrm:   10D |

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

TO PLAINTIFFS AND THE HONORABLE COURT:

PLEASE TAKE NOTICE that on January 12, 2014 at 10:00 a.m. in Courtroom 10D of the above-entitled Court, the Honorable Andrew J. Guilford, Judge, presiding, defendant Wells Fargo Bank, N.A., successor by merger with Wells Fargo Bank Southwest, N.A., f/k/a Wachovia Mortgage, FSB, f/k/a World Savings Bank, FSB ("Wells Fargo"), will move to dismiss each claim for relief in the complaint filed by plaintiffs Phuong Nhem and Phannary Nhem pursuant to Federal Rules of Civil Procedure 12(b)(6) and 9(b).  Grounds for the motion are:

### First Claim for Relief: Breach of Oral Contract.

Plaintiffs fail to state a claim for relief because: (i) the pleadings fail to allege an enforceable contract; (ii) no facts are pled demonstrating a breach by Wells Fargo; and (iii) any oral agreement is barred by the statute of frauds.

### Second Claim for Relief: Breach of Written Contract.

Plaintiffs fail to state a claim for relief because: (i) the pleadings fail to allege an enforceable contract; (ii) plaintiffs are not third party beneficiaries under HAMP; and (iii) no facts are pled demonstrating a breach by Wells Fargo.

### Third Claim for Relief: Promissory Estoppel.

Plaintiffs fail to state a claim for relief because: (i) no clear and/or unambiguous promise is alleged in the pleadings; and (ii) plaintiffs fail to plead reasonable reliance and/or damages.

### Fourth Claim for Relief: Wrongful Foreclosure.

Plaintiffs fail to state a claim for relief because: (i) no trustee's sale has been conducted; (ii) the pleadings fail to allege an enforceable contract; and (iii) plaintiffs admit they breached their loan obligations.

### Fifth Claim for Relief: Breach of Implied Covenant of Good Faith and Fair Dealing.

Plaintiffs fail to state a claim for relief because: (i) the pleadings fail to

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CASE NO.:
NOTICE OF MOTION TO DISMISS

allege an enforceable contract; (ii) no facts are pled demonstrating a breach by Wells Fargo; and (iii) Wells Fargo was expressly permitted to commence non-judicial foreclosure proceedings.

**Sixth Claim for Relief: Negligence;**

**Seventh Claim for Relief: Negligent Misrepresentation.**

Plaintiffs fail to state a claim for relief because: (i) the pleadings lack the specificity under Rule 9(b); (ii) no facts are pled demonstrating a breach by Wells Fargo; and (iii) as a matter of law, a lender does not owe a legal duty to a borrower.

**Eighth Claim for Relief: Violation of Business and Professions Code § 17500;**

**Ninth Claim for Relief: Violation of Business and Professions Code § 17200.**

Plaintiffs fail to state a claim for relief because: (i) plaintiffs lack standing to bring a claim under Business & Professions Code §§ 17200 and 17500; and (2) the pleadings fail to allege a predicate fraudulent business act of Wells Fargo.

**Tenth Claim for Relief: Specific Performance.**

Plaintiffs fail to state a claim for relief because: (i) the pleadings fail to allege an enforceable contract; and (ii) any oral agreement is barred by the statute of frauds.

///
///
///
///
///
///
///

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CASE NO.:
NOTICE OF MOTION TO DISMISS

1    The motion is based on this notice, the memorandum of points and

2 authorities, the complaint, the accompanying request for judicial notice, and on

3 Wells Fargo's argument at the hearing on the motion.

4

5                                   Respectfully submitted,

6 Dated: November 20, 2014          ANGLIN, FLEWELLING, RASMUSSEN,
                                    CAMPBELL & TRYTTEN LLP
7

8                                   By:  /s/ D. Dennis La
                                        D. Dennis La
9                                        dla@afrct.com
                                    Attorneys for Defendant
10                                  Wells Fargo Bank, N.A., successor by
                                    merger with Wells Fargo Bank Southwest,
11                                  N.A., f/k/a Wachovia Mortgage, FSB, f/k/a
                                    World Savings Bank, FSB ("Wells Fargo")
12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

2

# **TABLE OF CONTENTS**

Page No.

MEMORANDUM OF POINTS AND AUTHORITIES ............................................................1

1.      INTRODUCTION ...............................................................................................1

2.      SUMMARY OF PLEADINGS AND JUDICIALLY  NOTICEABLE
        DOCUMENTS.......................................................................................................1

        A.      The Loan. .................................................................................................1

        B.      Loan Default and Non-Judicial Foreclosure. ..................................2

        C.      Plaintiffs' Allegations. ..........................................................................2

3.      STANDARD GOVERNING MOTION ...........................................................3

4.      THE FIRST CLAIM FOR BREACH OF ORAL CONTRACT FAILS FOR
        LACK OF AN ENFORCEABLE AGREEMENT ..........................................4

5.      THE SECOND CLAIM FOR BREACH OF WRITTEN CONTRACT FAILS
        AS PLAINTIFFS LACK STANDING TO ENFORCE HAMP.....................7

6.      PLAINTIFFS FAIL TO ARTICULATE A VIABLE ESTOPPEL CLAIM .................8

7.      THE FOURTH CLAIM FOR WRONGFUL FORECLOSURE FAILS AS A
        MATTER OF LAW .............................................................................................10

8.      THE BREACH OF IMPLIED COVENANT CLAIM FAILS AS THERE IS
        NO UNDERLYING CONTRACT ...................................................................11

9.      THE CLAIMS FOR NEGLIGENCE AND NEGLIGENT
        MISREPRESENTATION FAIL FOR LACK OF A LEGAL DUTY AND
        THE REQUISITE SPECIFICITY ...................................................................12

10.     PLAINTIFFS LACK STANDING TO BRING CLAIMS UNDER THE
        BUSINESS & PROFESSIONS CODE ...........................................................14

11.     THE LAST CLAIM FOR SPECIFIC PERFORMANCE FOR LACK OF AN
        ENFORCEABLE AGREEMENT ...................................................................17

12.     CONCLUSION...................................................................................................18

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CASE NO.:
NOTICE OF MOTION TO DISMISS

## **TABLE OF AUTHORITIES**

Page(s)

**FEDERAL CASES**

*Ashcroft v. Iqbal*,
   556 U.S. 662 (2009)..................................................................................................3

*Bell Atlantic Corp. v. Twombly*,
   550 U.S. 544 (2007)..................................................................................................3

*Crews v. Wachovia Mortg. Corp.*,
   2010 U.S. Dist. Lexis 776600 (C.D. Cal. July 23, 2010) .......................................9

*DeLeon v. Wells Fargo Bank, N.A.*,
   2011 U.S. Dist. LEXIS 8296 (N.D. Cal. 2011) .....................................................15

*Escobedo v. Countrywide Home Loans, Inc.*,
   2009 U.S. Dist. LEXIS 117017 (S.D. Cal. Dec. 15, 2009).................................7, 17

*Gerbery v. Wells Fargo Bank, N.A.*,
   2013 U.S. Dist. LEXIS 107744 (S.D. Cal. July 31, 2013) ......................................9

*Kearns v. Ford Motor Co.*,
   567 F. 3d 1120 (9th Cir. 2009) ..............................................................................16

*Morrison v. Wachovia Mortgage*,
   2012 U.S. Dist. LEXIS 39273 (C.D. Cal. March 12, 2012) ....................................6

*Nong v. Wells Fargo Bank, N.A., et al.*,
   2010 U.S. Dist. Lexis 136464 (C.D. Cal. Nov. 22, 2010........................................9

*Qureshi v. Countrywide Home Loans, Inc.*,
   2010 U.S. Dist. LEXIS 21843 (N.D. Cal. March 10, 2010)...................................16

*Roussel v. Wells Fargo Bank*,
   *2013 U.S. Dist. LEXIS 5427 (*N.D. Cal. Jan. 14, 2013) .......................................11

*Starr v. Baca*,
   652 F.3d 1202 (9th Cir. 2011) .................................................................................3

*Villa v. Wells Fargo Bank, N.A.*,
   2010 U.S. Dist. LEXIS 23741 (S.D. Cal. Mar. 15, 2010) ...................................7, 8

**STATE CASES**

*Bower v. AT&T Mobility, LLC*,
   196 Cal. App. 4th 1545 (2011) ..............................................................................15

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

*Cadlo v. Owens-Illinois, Inc.*,
  125 Cal. App. 4th 513 (2004) ...................................................................14

*Carma Developers, Inc. v. Marathon Dev. Calif., Inc.*,
  2 Cal. 4th 342 (1992) ....................................................................11, 12

*Fields v. Napa Milling Co.*,
  164 Cal.App.2d 442 (1958) ...................................................................5

*Gautier v. General Tel. Co.*,
  234 Cal. App. 2d302 (1965) ...........................................................4, 17

*Hall v. Time, Inc.*,
  158 Cal. App. 4th 847 (2008) ...............................................................15

*Henderson v. Fisher*,
  236 Cal.App.2d 468 (1965) ..................................................................17

*Kajima/Ray Wilson v. Los Angeles County Metro. Transp. Auth.*,
  23 Cal.4th 305 (2000) ...........................................................................8

*Kennedy v. Bank of America*,
  237 Cal.App.2d 637 (1965) ..................................................................17

*Krobitzsch v. Middleton*,
  72 Cal.App.2d 804 (1946) ......................................................................5

*Kwikset Corp. v. Superior Court*,
  51 Cal.4th 310 (2011) ...........................................................................15

*Laks v. Coast Fed. Sav. & Loan Ass'n*,
  60 Cal. App. 3d 885 (1976) ....................................................................8

*Lazar v. Superior Court*,
  12 Cal.4th 631 (1996) .............................................................13, 14, 16

*Lona v. Citibank, N.A.*,
  202 Cal. App. 4th 89 (2011) .................................................................10

*Lueras v. BAC Home Loans Servicing, LP*,
  221 Cal. App. 4th 49 (2013) .................................................................13

*McAllister v. Clement*,
  75 Cal. 182 (1888) .................................................................................6

*Meyer v. Glenmoor Homes, Inc.*,
  246 Cal. App. 2d 242 (1966) ..................................................................5

*Mozzetti v. City of Brisbane*,
  67 Cal.App.3d 565 (1977) ......................................................................6

*Neu-Visions Sports, Inc. v. Soren/McAdam/Bartells,*
   86 Cal. App. 4th 303 (2000) ........................................................13

*Nymark v. Heart Fed. Sav. & Loan Ass'n,*
   231 Cal. App. 3d 1089 (1991) ...................................................13

*Oasis West Realty, LLC v. Goldman,*
   51 Cal. 4th 811 (2011) ...............................................................4

*Perlas v. GMAC Mortg., LLC,*
   187 Cal. App. 4th 429 (2010) ...............................................5, 11

*Porporato v. Devincenzi,*
   261 Cal. App. 2d 670 (1968) ....................................................17

*Racine & Laramie, Ltd. v. Dept. of Parks & Rec.,*
   11 Cal. App. 4th 1026 (1992) ...............................................11, 12

*San Francisco Design Center Assoc. v. Portman Cos.,*
   41 Cal. App. 4th 29 (1995) .......................................................13

*Secrest v. Security Nat. Mortgage Loan Trust 2002,*
   167 Cal.App.4th 544 (2008) .......................................................6

*Small v. Fritz Cos., Inc.,*
   30 Cal. 4th 167 (2003) .............................................................13

*Weiner v. Fleishman,*
   54 Cal.3d 476 (1991) ...............................................................13

**STATE STATUTES**

Cal. Bus. & Prof. Code § 17200 ..................................................15

Cal. Bus. & Prof. Code §§ 17200 and 17500......................14, 16

Cal. Bus. & Prof. Code § 17500 ............................................15, 16

Cal. Civ. Code § 1698(c) .............................................................5

Cal. Civ. Code § 1924(a)(3).........................................................6

Cal. Civ. Code § 2922 ..................................................................6

Cal. Civ. Code § 2923.4................................................................8

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

# MEMORANDUM OF POINTS AND AUTHORITIES

## 1.    INTRODUCTION

This action arises from a $525,000 secured loan made by Wells Fargo Bank, N.A.'s ("Wells Fargo") predecessor, World Savings Bank, FSB ("World Savings"), to plaintiffs in July 2005.  Plaintiffs defaulted on the loan, so Wells Fargo commenced non-judicial foreclosure proceedings against the secured property.

More than two years after the default, plaintiffs filed this action claiming they are entitled to a HAMP modification as third party beneficiaries and that Wells Fargo breached an oral agreement to modify their loan.  (Comp. ¶¶ 51, 56.)

For the reasons briefed below, the complaint should be dismissed without leave to amend.  Among other defects, plaintiffs' claims are not supported by facts, contradicted by judicially noticeable documents, and/or otherwise not actionable as a matter of law.

## 2.    SUMMARY OF PLEADINGS AND JUDICIALLY NOTICEABLE DOCUMENTS

**A.    The Loan.**

On July 14, 2005, plaintiffs borrowed $525,000 from World Savings.  The loan was memorialized by an adjustable rate note and secured by a deed of trust recorded against 1791 Andrews Street, Tustin, CA 92870 ("Property").  A true and correct copy of the deed of trust is attached to the accompanying Request for Judicial Notice ("RJN") as Exhibit A.

In January 2008, World Savings changed its name to Wachovia Mortgage, FSB.  It subsequently changed its name to Wells Fargo Bank Southwest, N.A., before merging into Wells Fargo Bank, N.A. in November 2009.  (RJN, Exhs. B, C, D, E, and F are true and correct copies of: (i) a Certificate of Corporate Existence dated April 21, 2006, issued by the Office of Thrift Supervision, Department of the Treasury ("OTS"), (ii) a letter dated November 19, 2007, on the

letterhead of the OTS authorizing a name change from World Savings Bank, FSB, to Wachovia Mortgage, FSB, (iii) the Charter of Wachovia Mortgage, FSB, dated December 31, 2007 signed by the OTS, (iv) an Official Certification of the Comptroller of the Currency stating that, effective November 1, 2009, Wachovia Mortgage, FSB converted to Wells Fargo Bank Southwest, N.A., which then merged with and into Wells Fargo Bank, N.A. and (v) a page from the F.D.I.C. website showing a history of World Savings Bank, FSB and its merger with Wells Fargo.)

**B.      Loan Default and Non-Judicial Foreclosure.**

Plaintiffs defaulted on the loan in or around April 2012, and on May 23, 2014, Wells Fargo caused a notice of default to be recorded in the Orange County Recorder's Office.  (RJN, Exh. G is a true and correct copy of the notice of default.)

A notice of trustee's sale was subsequently recorded on September 3, 2014 originally setting the sale date for October 3, 2014.  (RJN, Exh. H is a true and correct copy of the notice of trustee's sale.)

**C.      Plaintiffs' Allegations.**

In the complaint, plaintiffs make three basic allegations that are carried forward through all claims for relief:

- "WELLS breached the oral agreement it entered into with Plaintiffs not to proceed with the foreclosure process while it was reviewing the loan modification agreement."  (Comp. ¶ 52);

- "Plaintiffs are third party beneficiaries" under HAMP (Comp. ¶ 56); and

- "Plaintiffs allege that when these presentations were made…Defendants intended to and did in fact repudiate the HAMP loan modification process by dual tracking the loan modification with the non-judicial foreclosure sale...without any adequate notice

1  informing the Plaintiffs that the trustee's sale would

2  proceed."  (Comp. ¶ 32.)

3  As briefed below, none of plaintiffs' ten claims for relief is actionable.

### 3.    STANDARD GOVERNING MOTION

5  Although the complaint need not contain detailed allegations, its "[f]actual

6  allegations must be enough to raise a right to relief above the speculative level . . .

7  on the assumption that all the allegations in the complaint are true (even if doubtful

8  in fact)."  *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 556-557 (2007) (emphasis

9  added).  In short, it must allege "enough facts to state a claim to relief that is

10  plausible on its face." *Id.*, at 570.  The "plausibility" requirement governs

11  complaints in all federal civil actions.  *Ashcroft v. Iqbal*, 556 U.S. 662, 883-884

12  (2009).

13  In determining the "plausibility" of a complaint, the court must first identify

14  which statements in the complaint are factual allegations and which are legal

15  conclusions.  Courts are not bound to accept as true allegations that are legal

16  conclusions, even if cast in the form of factual allegations.  *Ashcroft, supra*, at 884.

17  Second, the court, drawing "on its judicial experience and common sense," must

18  decide in the specific context of the case whether the factual allegations, if

19  assumed true, allege a plausible claim.  *Id.*  The plausibility standard is not the

20  equivalent to a "probability requirement," but requires more than a mere possibility

21  that the defendant has acted unlawfully.  *Id.*

22  Moreover, the factual allegations in the complaint must be sufficient to

23  nudge plaintiff's "claims across the line from conceivable to plausible . . ." *Bell*

24  *Atlantic Corp., supra*, at 570.  Under the standards adopted by the Supreme Court,

25  in order to be entitled to the presumption of truth, the complaint "must contain

26  allegations of underlying facts to give fair notice and to enable the opposing party

27  to defend itself effectively." *Starr v. Baca*, 652 F.3d 1202, 1216 (9th Cir. 2011).

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CASE NO.:
MEMORANDUM OF POINTS AND
AUTHORITIES

1

## 4.   THE FIRST CLAIM FOR BREACH OF ORAL CONTRACT FAILS

2

## FOR LACK OF AN ENFORCEABLE AGREEMENT

3      In support of the first claim, plaintiffs solely allege that "WELLS

4  representatives reiterated and assured Plaintiffs that they would permanently

5  modify the mortgage loan under the HAMP, and not proceed or continue with the

6  foreclosure process…"  (Comp. ¶ 51.)  Plaintiffs allegedly "never received any

7  notification that their loan modification had been denied or that they were

8  ineligible for HAMP."  (Comp. ¶34.)  These allegations fail to support a plausible

9  claim.

10     The elements for breach of contract are: "(1) the existence of the contract,

11  (2) plaintiff's performance or excuse for nonperformance, (3) defendant's breach,

12  and (4) the resulting damages to the plaintiff."  *Oasis West Realty, LLC v.*

13  *Goldman*, 51 Cal. 4th 811, 821 (2011).  A claim for breach of an oral contract must

14  "set forth the substance of its relative terms."  *Gautier v. General Tel. Co.*, 234

15  Cal. App. 2d302, 305 (1965).  "[N]ot only must the facts constituting the

16  defendant's breach be stated with certainty, but there must also be an allegation

17  that the damage to plaintiffs resulting therefrom is legally actionable."  *Id.*, at 305-

18  306.

19     Here, plaintiffs fail to articulate the substantive terms of the alleged oral

20  contract, *i.e.,* the date(s) of the representations regarding a permanent modification,

21  and the terms of repayment including the note rate, duration, monthly payment

22  amount, payment due dates, etc.  Without this necessary foundation, any alleged

23  oral agreement is unenforceable.

24     The complaint also lacks facts showing plaintiffs' performance of the oral

25  contract.  While the complaint makes vague averments regarding "dual tracking"

26  (Comp. ¶ 32), there are no facts demonstrating if and when plaintiffs submitted a

27  modification application and/or any other performance on their part required under

28  the parties' agreement.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

CASE NO.:
MEMORANDUM OF POINTS AND
AUTHORITIES

There are also no allegations regarding plaintiffs' consideration for the oral promise for a permanent modification. *Krobitzsch v. Middleton*, 72 Cal.App.2d 804, 808 (1946) (a modification of the loan, or promise thereof, is required to be supported by consideration to be enforceable); *see also* Civ. Code § 1698(c) ("Unless the contract otherwise expressly provides, a contract in writing may be modified by an oral agreement supported by new consideration."). "The fact that the promisee relies on the promise to his injury, or the promisor gains some advantage therefrom, does not establish consideration without the element of bargain or agreed exchange." *Meyer v. Glenmoor Homes, Inc.*, 246 Cal. App. 2d 242, 259 (1966).

Plaintiffs' claim regarding Wells Fargo's breach is also problematic. Plaintiffs contend that Wells Fargo breached its promise by "never" providing a response concerning the modification. However, plaintiffs admit elsewhere in the complaint that Wells Fargo's review "ultimately led to the denial of a HAMP loan modification." (Comp. ¶ 45.) In fact, plaintiffs also allege that "instead [Wells Fargo] offered an unworkable loan modification that will undoubtedly be too expensive for Plaintiffs to maintain…"[1] (Comp. ¶ 116.) These conflicting allegations fail to support any breach by Wells Fargo.

Lastly, the complaint is devoid of allegations showing damages. *Fields v.*

---

[1] In addition, plaintiffs' claims that Wells Fargo was required to "revise the loan repayment plan" and/or to provide "a modification to the mortgage, with affordable payments" (Comp. ¶ 92) are not legally cognizable. In *Perlas v. GMAC Mortg., LLC*, 187 Cal. App. 4th 429 (2010), the court determined that a lender does not owe a borrower any duty of care to ensure borrower's financial ability to repay a loan. In *Perlas*, the plaintiffs/borrowers sued under a theory that they could rely on their qualification for a loan as a determination that they could in fact afford the loan. *Id.*, at 436. The court rejected this claim, holding a lender is under no duty "to determine the borrower's ability to repay the loan…the lender's efforts to determine the creditworthiness and ability to repay by a borrower are for the lender's protection, not the borrower's." (citations omitted.) *Id.* Like *Perlas*, Wells Fargo does not owe a legal duty to plaintiffs regarding the "affordability" of the loan.

1   *Napa Milling Co.*, 164 Cal.App.2d 442, 448 (1958) ("a wrong without damage

2   does not constitute a cause of action for damages. . ."); *McAllister v. Clement*, 75

3   Cal. 182, 184 (1888) ("But it is clear that no action will lie to recover damages if

4   no damages have been sustained."); *Mozzetti v. City of Brisbane*, 67 Cal.App.3d

5   565, 577 (1977) ("It is black-letter law that damages which are speculative, remote,

6   imaginary, contingent or merely possible cannot serve as a legal basis for

7   recovery.").

8        Here, no facts are pled showing plaintiffs suffered harm arising from Wells

9   Fargo's purported promise in 2013 (Comp. ¶ 24) – which was allegedly made after

10  plaintiffs already defaulted on the loan in April 2012.  (RJN, Exh. G.)  There are

11  no other allegations demonstrating a legal harm.

12       Further, plaintiffs' claim that Wells Fargo instructed them "not to pay their

13  mortgage payment and to submit paperwork for a loan modification" is not

14  plausible.  *Morrison v. Wachovia Mortgage,* 2012 U.S. Dist. LEXIS 39273, at *14-

15  15 (C.D. Cal. March 12, 2012) ("Insofar as plaintiff alleges that she would have

16  timely paid her mortgage but-for Wachovia's "advice" to fall behind on her

17  payments in order to secure a loan modification, her claims are implausible as a

18  matter of law.")

19       The first claim should be dismissed accordingly.[2]

20

21

22

23  [2] In addition, any oral contract claim is barred by the statute of frauds.  Pursuant to
    Civil Code § 2922, a mortgage can be created, renewed or extended only by a
24  writing, executed with the same formalities required in the case of a grant of real
    property.  Civil Code §1924(a)(3); *Secrest v. Security Nat. Mortgage Loan Trust*
25  *2002*, 167 Cal.App.4th 544, 552-554 (2008).  In this vein, the HAMP Modification
    Agreement expressly states that it "supersede[s] the terms of any modification,
26  forbearance, trial period plan or workout plan" previously agreed to by the parties.
27  (RJN, Exh. J, at 3.)  Accordingly, any attempt by plaintiff to enforce a contract
28  other than the HAMP Modification Agreement is barred here.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

5.   **THE SECOND CLAIM FOR BREACH OF WRITTEN CONTRACT FAILS AS PLAINTIFFS LACK STANDING TO ENFORCE HAMP**

In support of the second claim for breach of written contract, plaintiffs assert they are third party beneficiaries under HAMP and that Wells Fargo "breached the Consent Judgment agreement with the federal government…by not offering Plaintiffs a Trial Period at a payment level of 31 percent of their income…" (Comp. ¶ 58.)  Plaintiffs allege that "[h]ad Defendants performed for Plaintiffs, Plaintiffs would have been able to afford the loan and thereby avoid damages." (Comp. ¶ 60.)  These allegations fail as a matter of law.

HAMP does not mandate a lender to modify all mortgages that meet the eligibility requirements.  Rather, "[p]articipating servicers are required to *consider* all eligible loans under the program guidelines unless prohibited by the rules of the applicable PSA and/or other investor servicing agreements." *Escobedo v. Countrywide Home Loans, Inc.*, 2009 U.S. Dist. LEXIS 117017, at *7 (S.D. Cal. Dec. 15, 2009) (emphasis added); *Villa v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 23741, at *7 (S.D. Cal. Mar. 15, 2010) ("the HAMP agreement did not require loan servicers to modify eligible loans; thus…the borrowers lacked standing to enforce the agreement.")  As a result, the *Escobedo* and *Villa* courts both granted the banks' motions to dismiss with prejudice.

Further, courts are clear that a borrower is not a third party beneficiary under HAMP:

> As in *Klamath*, the [HAMP] Agreement was entered into in part for the benefit of qualified borrowers and with these borrowers in mind.  However, the language of the contract does not show that the parties intended to grant qualified borrowers the right to enforce the Agreement.  Indeed, the Agreement specifies that it 'shall inure to the benefit of . . . the *parties to the Agreement and their permitted successors-in-interest.*' (Internal citations omitted.)  A qualified borrower would not be reasonable in relying on the Agreement as manifesting an intention to confer a right on him or her because the Agreement does not *require* that Countrywide modify eligible loans. *Escobedo*, *supra,* at **6-7.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    Instead, "[q]ualified borrowers are incidental beneficiaries of the Agreement

2    and do not have enforceable rights under the contract."  *Id.* at *7.  Accordingly,

3    any purported statement by Wells Fargo that plaintiffs "qualified for the HAMP

4    program" is not actionable in the instant lawsuit.[3]  (Comp. ¶ 26.)

5    As shown, there is simply no entitlement to a HAMP modification.  The

6    motion should be granted.

7    **6.    PLAINTIFFS FAIL TO ARTICULATE A VIABLE ESTOPPEL CLAIM**

8    In the complaint, plaintiffs allege that "Defendants' representatives made

9    numerous oral promises that no foreclosure sale on the Subject Property would

10   take place on [sic] until after the review of Plaintiffs' Loan Modification."  (Comp.

11   ¶ 63.)  According to plaintiffs, "Defendants were estopped from taking any action

12   that was contrary to the oral promises made by it to Plaintiffs."  (Comp. ¶ 65.)

13   These allegations fail to give rise to an actionable claim, which requires: "(1)

14   a promise clear and unambiguous in its terms; (2) reliance by the party to whom

15   the promise is made; (3) his reliance must be reasonable and foreseeable; and (4)

16   the party asserting the estoppel must be injured by his reliance."  *Laks v. Coast*

17   *Fed. Sav. & Loan Ass'n*, 60 Cal. App. 3d 885, 890 (1976).  This doctrine "employs

18   equitable principles to satisfy the requirement that consideration must be given in

19   exchange for the promise sought to be enforced.'"  *Kajima/Ray Wilson v. Los*

20   *Angeles County Metro. Transp. Auth.,* 23 Cal.4th 305, 340 (2000).

21   As discussed above, the complaint fails to plead an enforceable contract

22   and/or statutory right for a loan modification.  In the same fashion, the pleadings

23   are devoid of facts evidencing a clear and/or unambiguous promise related to a

24

25   [3] Likewise, the Homeowners Bill of Rights ("HBOR") does not impose a binding
     obligation on lenders to modify defaulted loans.  (Comp. ¶ 20.)  Civil Code

26   § 2923.4 expressly states that while "borrowers are considered for, and have a
     meaningful opportunity to obtain, available loss mitigation options, if

27   any…[n]othing in the act…shall be interpreted to require a particular result of that

28   process."

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

"permanent modification."  (Comp. ¶ 65.)  Missing are allegations of the terms that were promised including the modified interest rate, duration of the modification, or any other term altering the loan.

Further, plaintiffs concede receiving a denial on their modification request.

The complaint also fails to plead detrimental reliance.  In *Nong v. Wells Fargo Bank, N.A., et al.*, 2010 U.S. Dist. Lexis 136464, at **8-10. (C.D. Cal. Nov. 22, 2010), the plaintiff asserted promissory estoppel alleging the lender's foreclosure was improper as she was told that she was being reviewed for a modification.  However, the court dismissed the action as the plaintiff failed to establish "[she] would have been successful in delaying the foreclosure sale, renegotiating her loan, and retaining possession of her home." *Id.,* at *9 (the complaint lacks "a connection between her reliance in the alleged promise and losing her home to sustain her claim for estoppel") (citing *Newgent v. Wells Fargo Bank, N.A.*, 2010 U.S. Dist. LEXIS 18476, at *18 (S.D. Mar. 2, 2010)).

Here, plaintiffs concede that their "income was drastically reduced…" (Comp. ¶ 24.)  Accordingly, any allegation that plaintiffs forewent other "legal action prior to the sale, including but not limited to filing Chapter 13 and/or obtaining a loan elsewhere" (Comp. ¶ 64) is not only unsupported but legally irrelevant.  *Nong, supra,* at **8-10; *Crews v. Wachovia Mortg. Corp.,* 2010 U.S. Dist. Lexis 776600, at **10-11 (C.D. Cal. July 23, 2010) (no reliance found in estoppel claim because the plaintiff could not prove that she "would and could have satisfied her mortgage obligations.")

The complaint also fails to demonstrate a 'palpable injury.'  As held in *Gerbery v. Wells Fargo Bank, N.A.,* 2013 U.S. Dist. LEXIS 107744, at *6 (S.D. Cal. July 31, 2013):

> The FAC states that damages have been incurred to Plaintiffs' real property, that their home is at risk of being foreclosed, that they gave up opportunities to obtain an alternative loan with more favorable terms, and that they

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

had to "expend monies to attempt to prevent the loss of their home by hiring counsel and experts." [FAC ¶ 39.] These general allegations do not sufficiently allege a distinct and palpable injury. For example, Plaintiffs do not provide any facts that specify what damages have been incurred to their property or why they hired experts. Plaintiffs do not allege [*20] when their mortgage payments rose to $3530.40 per month, or on what basis Plaintiffs believe their home to be at risk of foreclosure. Furthermore, Plaintiffs' alleged loss of opportunities to obtain an alternative loan is a hypothetical injury, since the FAC provides no details of other loans available to them, whether they sought quotes from other lenders, or whether other lenders had offered more favorable loan terms to borrowers with credit ratings similar to Plaintiffs'.

The promissory estoppel claim should be dismissed accordingly.

**7.   THE FOURTH CLAIM FOR WRONGFUL FORECLOSURE FAILS AS A MATTER OF LAW**

As part of the wrongful foreclosure claim, plaintiffs repeat allegations that Wells Fargo breached "the mortgage modification contract between Plaintiffs and Defendants." (Comp. ¶ 69.) Wells Fargo allegedly "purposely mismanage all loan modification programs offered to the Plaintiffs" (Comp. ¶ 78) including "in rejecting, at the 'twelfth hour', Plaintiffs' loan modification request…" (Comp. ¶ 79.)

These allegations fall short of establishing a wrongful foreclosure.  No trustee's sale has taken place.  Moreover, there is no enforceable contract, oral or written, between the parties as discussed above.  In fact, plaintiffs admit that they were denied a loan modification.  (Comp. ¶¶ 45, 116.)  As the pleadings lack facts showing "an illegal, fraudulent, or willfully oppressive sale of real property," the wrongful foreclosure claim cannot survive.  *Lona v. Citibank, N.A.,* 202 Cal. App. 4th 89, 104 (2011).

In short, plaintiffs' conclusory claim that "Defendants' failure to take any actions to modify the loan…will lead to a non-judicial foreclosure sale" (Comp. ¶

1   80) is not actionable.  The motion should be granted as to the fourth claim for

2   relief.

3   **8.    THE BREACH OF IMPLIED COVENANT CLAIM FAILS AS THERE**

4   **IS NO UNDERLYING CONTRACT**

5   Plaintiffs allege that Wells Fargo "entered into an express written and

6   implied in fact contract wherein and whereby said Defendants agreed to assist

7   Plaintiffs to obtain a loan modification…"  (Comp. ¶ 91.)  Plaintiffs claim that

8   Wells breached the implied covenant because it did not "revise the loan repayment

9   plan to an affordable amount," provide "a loan payment forbearance plan," provide

10  "a modification to the mortgage, with affordable payments…"  (Comp. ¶

11  92.)  These allegations are not cognizable.

12  The elements of a claim for breach of the covenant of good faith and fair

13  dealing are identical to those for breach of contract, including pleading the

14  contract, plaintiff's own performance or excuse for nonperformance, the

15  defendant's breach, and the resulting damages to plaintiff, except that, as opposed

16  to the breach of an express term, the plaintiff must plead that the defendant unfairly

17  interfered with the plaintiff's right to receive the benefits of the contract as

18  expressed; and the plaintiff was harmed by the defendant's conduct.  *Carma*

19  *Developers, Inc. v. Marathon Dev. Calif., Inc.*, 2 Cal. 4th 342, 371-75 (1992);

20  *Racine & Laramie, Ltd. v. Dept. of Parks & Rec.*, 11 Cal. App. 4th 1026, 1031-32

21  (1992).

22  Here, there is no written contract mandating a modification, a review of

23  plaintiffs' loan, and/or a forbearance of its terms.  *Roussel v. Wells Fargo Bank,*

24  *2013 U.S. Dist. LEXIS 5427,* at *13 (N.D. Cal. Jan. 14, 2013) (plaintiff must

25  specifically plead and prove which contractual provisions of which he was denied

26  the benefit).  As discussed above, there is no right to a modification – either under

27  HAMP or the parties' loan agreement.  There is also no right to "affordable"

28  monthly payments (Comp. ¶ 92) and/or a forbearance plan.  *Perlas v. GMAC*

*ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP*

CASE NO.:
MEMORANDUM OF POINTS AND
AUTHORITIES

*Mortg., LLC*, 187 Cal. App. 4th 429, 436 (2010).  These are not express benefits found in the deed of trust or the note.  Accordingly, Wells Fargo could not have unfairly interfered with plaintiffs' express rights as alleged.

Plaintiffs also admit that they did not perform under the loan, falling behind on payments.

Further, Wells Fargo is merely pursuing its rights under the loan – there can be no breach of an implied covenant as a result.  *Carma Developers, Inc. v. Marathon Dev. Cal., Inc.,* 2 Cal. 4th 342, 374 (1992) (implied terms should never be read to vary express terms); *Racine & Laramie, Ltd., supra,* at 1034 (the implied covenant of good faith and fair dealing is limited to assuring compliance with the *express terms* of the contract, and cannot be extended to create obligations not contemplated by the contract.)

Accordingly, the complaint fails to show how Wells Fargo "harmed Plaintiff [sic]; forcing Plaintiff [sic] to inevitably default on the loan…"  (Comp. ¶ 46.)  Wells Fargo cannot be found to have "breached" any covenant as suggested.

## 9.  THE CLAIMS FOR NEGLIGENCE AND NEGLIGENT MISREPRESENTATION FAIL FOR LACK OF A LEGAL DUTY AND THE REQUISITE SPECIFICITY

In support of these claims, plaintiffs claim that "Defendants breached their duty of care and skill to Plaintiffs in the servicing of their loan by, among other things, properly and accurately service the loan and maintain the file information, advising Plaintiffs that they pre-qualified for HAMP, and that Defendants would not foreclose while Plaintiffs were in the review process."  (Comp. ¶ 109.)  Plaintiffs also allege that "Defendants have unilaterally revoked their agreement to permanently modify Plaintiffs' loan under HAMP, and instead have offered an unworkable loan modification that will undoubtedly be too expensive for Plaintiffs to maintain…."  (Comp. ¶ 116.)

As a preliminary matter, any claim predicated on negligence fails for lack of

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

a legal duty. *Lueras v. BAC Home Loans Servicing, LP*, 221 Cal. App. 4th 49, 68 (2013) ("We conclude a loan modification is the renegotiation of loan terms, which falls squarely within the scope of a lending institution's conventional role as a lender of money…"; *Weiner v. Fleishman*, 54 Cal.3d 476, 483 (1991); *Nymark v. Heart Fed. Sav. & Loan Ass'n*, 231 Cal. App. 3d 1089, 1095 (1991). Without a legal duty of care, any claim rooted in negligence fails.

The negligence claim is also defective as no breach is articulated in the complaint. Again, no facts are pled showing plaintiffs were entitled to a loan modification in the first place. In any event, plaintiffs admit that Wells Fargo's review "ultimately led to the denial of a HAMP loan modification." (Comp. ¶ 45.) No breach of duty is demonstrated accordingly.

Furthermore, the pleadings fall short of the specificity required for fraud against a corporate defendant. *Small v. Fritz Cos., Inc.*, 30 Cal. 4th 167, 173-174 (2003) (negligent misrepresentation is a species of fraud). Where fraud is alleged against a corporation, the complaint must also allege: (1) the names of the persons who made the misrepresentations; (2) their authority to speak for the corporation; (3) to whom they spoke; (4) what they said or wrote; and (5) when it was said or written). Every element of a cause of action for fraud must be alleged in full, factually and specifically. *Lazar v. Superior Court*, 12 Cal.4th 631, 645 (1996).

The complaint fails to articulate each of these elements. First, no actionable misrepresentation is set forth in the complaint. Plaintiffs' claim that Wells Fargo would work "to provide them with a loan modification" (Comp. ¶ 113) does not constitute a misrepresentation. "The law is quite clear that expressions of opinion are not generally treated as representations of fact, and thus are not grounds for a misrepresentation cause of action." *Neu-Visions Sports, Inc. v. Soren/McAdam/Bartells*, 86 Cal. App. 4th 303, 308 (2000); *San Francisco Design Center Assoc. v. Portman Cos.*, 41 Cal. App. 4th 29, 43-44 (1995) ("it is hornbook law that an actionable misrepresentation must be made about past or existing facts;

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

statements regarding future events are merely deemed opinions"). Accordingly, any allegation that Wells Fargo would review plaintiffs is, at best, a non-actionable opinion.

The pleadings also fail to identify a single individual who allegedly made the misrepresentation regarding the loan terms, their authority to speak, when and where the representations were made, and whether they were verbal or written. *Lazar, supra,* at 645.

Further, plaintiffs cannot plead facts of falsity, knowledge, or reasonable reliance. A claim for fraud must specifically allege facts supporting reliance. *Cadlo v. Owens-Illinois, Inc.*, 125 Cal. App. 4th 513, 519 (2004) ("[T]he mere assertion of 'reliance' is insufficient. The plaintiff must allege the specifics of his or her reliance on the misrepresentation to show a bona fide claim of actual reliance.") Here, plaintiffs cannot demonstrate reliance as no misrepresentation is identified in the pleadings that could support negligent misrepresentation.

Also as discussed above, it is unclear what damages plaintiffs may assert in this matter. Plaintiffs were already in default of the loan in April 2012. (RJN, Exh. G.) Wells Fargo did not cause plaintiffs' default. No facts exist showing how Wells Fargo's alleged promise to modify actually caused damages.

Based on the foregoing, any claim for negligence and/or negligent misrepresentation should be dismissed.

**10.** <u>**PLAINTIFFS LACK STANDING TO BRING CLAIMS UNDER THE BUSINESS & PROFESSIONS CODE**</u>

In support of the claims under Business & Professions Code §§ 17200 and 17500, plaintiffs repeat their claim that Wells Fargo "made untrue or misleading statements with the intent to induce consumers, such as Plaintiffs, to pursue a loan modification…instead of an alternative method such as refinance or default." (Comp. ¶ 119.) Plaintiffs also allege that "Defendants engage in deceptive business practices with respect to mortgage loan servicing" by

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

"[a]ssessing improper or excessive late fees," "instituting improper or premature foreclosure proceedings to generate unwarranted fees," and "[m]isapplying or failing to apply customer payments, among other acts.  (Comp. ¶ 126.)

As a threshold matter, plaintiffs lack standing to bring a claim under the Business & Professions Code.  *Bower v. AT&T Mobility, LLC,* 196 Cal. App. 4th 1545, 1554 (2011) (to establish standing under the UCL, a private plaintiff must "(1) establish a loss or deprivation of money or property sufficient to qualify as injury in fact, i.e., economic injury, and (2) show that economic injury was the result thereof, i.e. cause by, the unfair practice…").  *Kwikset Corp. v. Superior Court,* 51 Cal.4th 310, 321–322 (2011) (standing limitations of § 17200 apply equally to § 17500).

Here, plaintiffs did not suffer an economic injury as they borrowed money in 2005 and have not repaid the loan.  Plaintiffs acknowledge that they are delinquent on the loan.  Thus, they did not suffer a loss of money or property nor an economic injury.  Without this requisite element, plaintiffs lack standing to bring a claim under the Business & Professions Code.  *DeLeon v. Wells Fargo Bank, N.A.*, 2011 U.S. Dist. LEXIS 8296, at **19-22 (N.D. Cal. 2011) ("the facts alleged suggest that Plaintiffs lost their home because they became unable to keep up with monthly payments and lacked the financial resources to cure the default . . . it does not appear that [the bank's] conduct resulted in a loss of money or property.  For this reason, Plaintiffs lack standing to sue under the UCL, and the claim must be dismissed.")  The motion should be granted on this basis alone.

Assuming *arguendo* plaintiffs are found to have standing, the complaint fails to establish any deceptive business practice required for plaintiffs' Business & Professions Code § 17200 claim.  (Comp. ¶¶ 124-125.)  The "fraudulent" prong, post-enactment of Proposition 64, applies where a business act or practice actually misleads a plaintiff.  *Hall v. Time, Inc.*, 158 Cal. App. 4th 847, 849 (2008).  Here, plaintiffs fail to establish a deceptive practice.  No facts are pled

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1    showing Wells Fargo engaged in any practice that actually deceived plaintiffs

2    and/or caused harm.  It is unclear what "fraud" was committed.

3        Moreover, the complaint lacks the requisite specificity to support a

4    "fraudulent" business practice.  *Qureshi v. Countrywide Home Loans, Inc.,* 2010

5    U.S. Dist. LEXIS 21843, at *20 (N.D. Cal. March 10, 2010) (UCL claims are

6    subject to the heightened pleading requirements of Rule 9(b)); *Kearns v. Ford*

7    *Motor Co.,* 567 F. 3d 1120, 1125 (9th Cir. 2009) ("we have specifically ruled that

8    Rule 9(b)'s heightened pleading standards apply to claims for violations of

9    the…UCL.")

10       As discussed above in connection with the negligent misrepresentation

11   claim, the pleadings fall far short of the specificity required.  *Lazar, supra,* at 645.

12   Likewise, plaintiffs' listing of various "deceptive business practices" (Comp. ¶

13   126) regarding the assessment of fees, the alleged "premature foreclosure

14   proceedings," and application of payments are unsupported by facts – merely

15   conclusory allegations that do not meet the requisite specificity.  Plaintiffs

16   therefore cannot establish a predicate "deceptive" business practice.

17       Similarly, plaintiffs' claim for violation of California's false advertising

18   statute, Business & Professions Code § 17500 (Comp. ¶¶ 119-122), fails to provide

19   any notice as to the nature of their claim.  No facts are alleged showing there was

20   false advertising of any kind regarding a modification.  Their conclusory statement

21   that Wells Fargo "made untrue or misleading statements with the intent to induce

22   consumers" is not supported by charging allegations.  (Comp. ¶ 119)  The

23   complaint lacks facts regarding what misleading/deceptive statements were made,

24   how they were broadcasted, when they were made, and how plaintiffs were

25   injured.  Wells Fargo does not have fair notice as to the nature of the § 17500

26   claim as a result.

27       In sum, the motion should be granted as to plaintiffs' claims for violation

28   of Business & Professions Code §§ 17200 and 17500.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

**11.   THE LAST CLAIM FOR SPECIFIC PERFORMANCE FOR LACK OF AN ENFORCEABLE AGREEMENT**

In support of the final claim for relief, it appears plaintiffs seek judicial intervention to compel Wells Fargo to offer a HAMP modification.  (Comp. ¶ 136.)  Plaintiffs allege that Wells Fargo "have failed and refused, and continue to fail and refuse, to perform the conditions of the Contract on their part…"  (Comp. ¶ 137.)  These allegations fail as a matter of law.

To state a claim for specific performance, the plaintiff must allege: (1) a contract sufficiently definite and certain in its terms to be enforced, (2) that the contract was just and reasonable, (3) that the plaintiff has performed his side of the bargain, (4) that the promisor has failed to perform, (5) that the contract was supported by adequate consideration, and (6) that the remedy at law is inadequate.  *Porporato v. Devincenzi*, 261 Cal. App. 2d 670, 675 (1968).  If specific performance is sought, the plaintiff must also allege whether the contract sued upon is written or oral.  *Henderson v. Fisher*, 236 Cal.App.2d 468, 473 (1965); *Kennedy v. Bank of America,* 237 Cal.App.2d 637, 646 (1965).  Further, where the contract is oral, the complaint must allege that the defendant is estopped from reliance upon the statute of frauds because failure to enforce the contract would result in either unconscionable injury to the plaintiff or unjust enrichment of the defendant.  *Porporato, supra,* at 675.

Plaintiffs' allegations fail from the onset due to the lack of an enforceable contract, as discussed above.  The pleadings do not establish any of the terms of the alleged oral contract.  *Gautier, supra,* at 305.  Any oral agreement is also barred by the statute of frauds.  Similarly, plaintiffs lack standing to enforce HAMP.  *Escobedo, supra,* at *7.  There is also no right to a modification under HAMP, the HBOR, or otherwise.

Accordingly, there is no agreement upon which plaintiffs may seek specific performance.  The tenth claim for relief cannot survive.

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

12.   **CONCLUSION**

2     For all of the foregoing reasons, Wells Fargo respectfully requests an order

3 dismissing the complaint without leave to amend.

4

5                                                   Respectfully submitted,

Dated: November 20, 2014                ANGLIN, FLEWELLING, RASMUSSEN,
6                                                   CAMPBELL & TRYTTEN LLP

7

8                                                   By:  _/s/ D. Dennis La_____
                                                         D. Dennis La
9                                                        dla@afrct.com
                                                   Attorneys for Defendant
10                                                 Wells Fargo Bank, N.A., successor by
                                                   merger with Wells Fargo Bank Southwest,
11                                                 N.A., f/k/a Wachovia Mortgage, FSB, f/k/a
                                                   World Savings Bank, FSB ("Wells Fargo")

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP

1

**CERTIFICATE OF SERVICE**

2

    I, the undersigned, declare that I am over the age of 18 and am not a party to this action.  I am employed in the City of Pasadena, California; my business address is Anglin, Flewelling, Rasmussen, Campbell & Trytten LLP, 199 S. Los Robles Avenue, Suite 600, Pasadena, California  91101-2459.

3

4

    On the date below, I served a copy of the foregoing document entitled:

5

6

**DEFENDANT WELLS FARGO'S NOTICE OF MOTION AND MOTION TO DISMISS PLAINTIFFS' COMPLAINT; MEMORANDUM OF POINTS AND AUTHORITIES**

7

on the interested parties in said case as follows:

8

9

**Served Electronically Via the Court's CM/ECF System**

10

11

| *Counsel for Plaintiffs Phuong Nhem and Phannary Nhem:* | *Counsel for Defendant NBS Default Services, LLC*: |
|---|---|
| Robyn Pool<br>POOL LAW GROUP<br>3633 Inland Empire Blvd., Suite 550<br>Ontario, California 91764 | Michael M. Le, Esq. (# 255056)<br>BUCKLEY MADOLE P.C.<br>301 E. Ocean Blvd., Suite 1720<br>Long Beach, CA  90802 |
| Tel: (909) 509-4304<br>Fax: (909) 906-3041 | Tel: (562) 612-4763<br>Fax: (562) 612-4761<br>Email: michael.le@buckleymadole.com |

12

13

14

15

16

17

    I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  I declare that I am employed in the office of a member of the Bar of this Court, at whose direction the service was made.  This declaration is executed in Pasadena, California on November 20, 2014.

18

19

20

| Rachelle H. Guillory | */s/ Rachelle H. Guillory* |
|---|---|
| (Type or Print Name) | (Signature of Declarant) |

21

22

23

24

25

26

27

28

ANGLIN FLEWELLING RASMUSSEN CAMPBELL & TRYTTEN LLP